UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILFORD LEE ROSS,

        Petitioner,

vs.                              Case No. 3:11-cv-198-J-37TEM

SECRETARY, Doc,
et al.,

        Respondents.

## **ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 28, 2011.[1] He challenges his 1999[2] Duval County conviction for attempted sexual battery.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitations:

---

[1] The Petition was filed with the Clerk on March 3, 2011; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (February 28, 2011). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The judgment and sentence was entered on September 9, 1999.

>     (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' August 10, 2011, Motion to Dismiss (Doc. #10)

(hereinafter Response). In support of their contentions, they have submitted exhibits.[3] See Index of Exhibits (Doc. #10). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Order (Doc. #6). Petitioner filed a Reply to Respondents' Motion to Dismiss (Doc. #11) (hereinafter Reply).

Petitioner was charged by information with sexual battery. Ex. C. He entered into a guilty plea to attempted sexual battery. Ex. D. The judgment and sentence was entered on September 9, 1999. Ex. F. He was deemed to be a sexual predator. Ex. E. He was sentenced to twenty-three years in prison, followed by seven years of probation. Ex. F. He did not seek an appeal. Response at 2. Therefore, his conviction became final on Tuesday, October 12, 1999,[4] when the time to appeal expired.

On August 17, 2001, Petitioner filed his first Rule 3.850 motion. Ex. I. The trial court denied the motion. Ex. K. No appeal was taken. Response at 2.

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

[4] The time to appeal would have expired on Saturday, October 9, 1999. Petitioner would have had until Monday, October 11, 1999, to file his appeal; however, Monday, October 11, 1999 was a legal holiday (Columbus Day). See Rule 6(a)(6), Fed. R. Civ. P. Therefore, out of an abundance of caution, the Court will consider the deadline to file the direct appeal to be Tuesday, October 12, 1999.

3

The Petition, filed February 28, 2011, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period. The one-year limitations period was tolled until Tuesday, October 12, 1999, when the time for appealing his conviction expired. See Fla. R. App. P. 9.140(b)(3); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires).

Upon consideration, the one-year limitations period in Petitioner's case began to run on October 13, 1999 (Wednesday). It expired on Friday, October 13, 2000, utilizing the anniversary method. Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008). Petitioner did not file his first post-conviction motion in the state court system until August 17, 2001 (pursuant to the mailbox rule). Ex. I. This motion did not toll the federal one-year limitations period because it had already expired on October 13, 2000. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Although Petitioner, on November 16, 2009, filed a second Rule 3.850 motion, Ex. M at 1-20, the trial court, in its Order Denying Motion for Post Conviction Relief, id. at 21-59, rejected the contention of newly discovered evidence, finding the State's First Supplemental Response to Demand for Discovery, entered in the trial court file on September 2, 1999, provided the name of the laboratory analyst as well as the existence of the DNA report. Id. at 22. Thereafter, the guilty plea was entered on September 9, 1999. Id. See Ex. D. Petitioner appealed the denial of the second Rule 3.850 motion, Ex. M at 60-61, and the First District Court of Appeal affirmed per curiam on June 3, 2010. Ross v. State, 41 So.3d 221 (2010) (Table) (per curiam), reh'g denied (July 19, 2010); Ex. P; Ex. R. The mandate issued on August 4, 2010. Ex. S.

The DNA report simply does not constitute newly discovered evidence. The First Supplemental Response to Demand for Discovery referenced Jeffery Fletcher, the Crime Laboratory Analyst for the Florida Department of Law Enforcement, and it referenced the DNA Report. Ex. M at 24. The document was hand-delivered to the Public Defender on September 1, 1999. Id. Petitioner entered his plea to attempted sexual battery on September 9, 1999. Ex. J. Indeed, "[t]he Defendant has failed to show how the fact that there was no DNA found on the victim would have in any way changed the

outcome of his plea to the charge of attempted sexual battery." Ex. M at 22.

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs, 520 F.3d at 1318 (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Petitioner asserts that he should be entitled to equitable tolling because of his belated discovery of the DNA report, "and a law clerk who was assisting the Petitioner misplaced the

6

Petitioner's legal material and transferred from the institution." Reply at 2-3. This contention has no merit because the evidence, the DNA report, does not constitute newly discovered evidence, and the misplacement of legal materials years after the AEDPA one-year limitations period expired does not constitute an extraordinary circumstance which stood in Petitioner's way of timely filing his federal petition.[5] Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner has not shown any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable

---

[5] Even if Petitioner is actually contending that his legal materials were misplaced in 1999 or 2000, the misplacement of legal materials did not prevent Petitioner from filing a state post-conviction motion or a federal petition, when he could explain therein that he was submitting his document despite the fact that his legal materials were missing.

7

jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. If Petitioner appeals, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on

appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

2. Respondents' August 10, 2011, Motion to Dismiss (Doc. #10) is **GRANTED**.

3. The case is **DISMISSED** with prejudice.

4. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

5. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of October, 2011.

ROY B. DALTON JR.
United States District Judge

sa 10/13
c:
Wilford Lee Ross
Ass't A.G. (Heller)